# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 7:11cr00076-1 |
| | ) | |
| v. | ) | |
| | ) | |
| **RICHARD JAMAR PERRY,** | ) | By: Robert S. Ballou |
|     Petitioner. | ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

In this proceeding on the motion of petitioner Richard Jamar Perry to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, I find that Perry's counsel provided ineffective assistance by failing to inform him of his appeal rights, and accordingly, I recommend that the court grant Perry's § 2255 motion, and that Perry receive an opportunity to appeal his criminal judgment.

## I.

On October 6, 2011, a grand jury in the Western District of Virginia returned an indictment against Perry, charging him with conspiring to make, utter, and possess counterfeited securities, in violation of 18 U.S.C. § 371 (Count One), and making and possessing a counterfeited security, in violation of 18 U.S.C. § 513(a) (Count Two). Pursuant to a written plea agreement, Perry pled guilty to Count One of the indictment, and the United States moved to dismiss Count Two. On November 29, 2012, the court entered judgment against Perry as to Count One and sentenced him at the bottom of his advisory guideline range to 41 months incarceration. Perry did not appeal.

Perry filed the present motion to set aside his criminal sentence arguing that his counsel failed to file an appeal upon Perry's request and failed to "argue for acceptance of responsibility." The Government responded to the motion and filed a motion to dismiss. The

court referred the matter to me to conduct an evidentiary hearing and prepare a report and recommended disposition on Perry's ineffective assistance claims as provided under 28 U.S.C. § 636(b)(1)(B).

## II.

Perry and his wife testified at the evidentiary hearing that Perry asked his counsel to file an appeal. Counsel claimed in an affidavit submitted with the government's motion to dismiss that he "d[id] not recall" Perry asking him to file an appeal and testified at the hearing that Perry "did not" request that he do so. While their testimonies may have differed as to whether Perry explicitly requested that counsel file an appeal, all three witnesses testified that Perry was "surprised" by the court's imposition of a 41-month sentence. Perry testified that he "was so emotional about the 41 months" and that counsel could see the "upsetness [sic] in [his] face." Counsel testified that the 41-month sentence was "a surprise to everybody" and that Perry was so upset that "the Marshals actually walked over and kind of admonished him to tone it down." Both Perry and counsel testified that they never discussed the advantages and disadvantage of filing an appeal. Perry testified that he had no conversation with counsel after the court imposed his sentence and that he received no letter from counsel concerning his appeal rights. Counsel testified that "the possibility of an appeal was not discussed"; that he did not have a discussion with Perry about his appeal rights at the time of sentencing; and that he "had no other conversations with Mr. Perry once the judge entered the sentence."

## III.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation

fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced petitioner. Id. at 688, 694. In Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), the Court held that Strickland applies to those situations where trial counsel had a duty to file a notice of appeal on the client's behalf. To establish a Sixth Amendment violation based on counsel's failure to file a notice of appeal, a petitioner must show that counsel deficiently performed the "purely ministerial task" of noting an appeal and that a reasonable probability exists that, but for counsel's deficient performance, the petitioner would have timely appealed. Flores-Ortega, 528 U.S. at 476-77, 484, 486; United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000).

An attorney who fails to file an appeal after his client instructs him to do so is *per se* ineffective. Witherspoon, 231 F.3d at 926; accord Flores-Ortega, 528 U.S. at 477. If a client does not specifically instruct his attorney to note an appeal and does not state explicitly that he does not wish to appeal, counsel's deficiency in failing to note an appeal is determined by asking whether counsel consulted with the defendant about an appeal. Flores-Ortega, 528 U.S. at 478; Witherspoon, 231 F.3d at 926. "Consult" means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover defendant's wishes." Flores-Ortega, 528 U.S. at 478. If counsel did consult with the defendant, the question of deficient performance is easily answered, as counsel performs in a professionally unreasonable manner only by failing to follow defendant's express instructions with respect to an appeal. Id. If counsel did not consult with defendant, the court must then ask whether counsel had an affirmative duty to consult. Id. An attorney has an affirmative duty to consult with a client regarding his appeal rights when either (1) any rational defendant would want to appeal

3

(for example, where there is a non-frivolous ground for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id. at 480.

In this case, counsel neither spoke with nor corresponded with Perry about appealing the court's sentence. Therefore, this case turns on whether counsel had an affirmative duty to consult with Perry regarding his appeal rights after the court imposed a sentence of 41 months which is within the guideline range for his offense. The evidence shows that Perry was so "surprised," "upset," and "emotional" upon hearing the court's sentence that the United States' Marshals' Office admonished him to "tone it down." Further, counsel testified that the sentence imposed was a surprise to "everybody." Given the outward demonstrations of shock, surprise, and emotion by Perry at the sentencing hearing, I find that Perry reasonably demonstrated that he was interested in appealing and, thus, that counsel had an affirmative duty to consult with Perry concerning his appeal rights. Counsel failed to perform as expected by effective counsel under the circumstances by not advising Perry of the advantages and disadvantages of appealing his sentence, and therefore, I find that counsel provided ineffective assistance to Perry. Accordingly, I recommend that the court grant Perry's § 2255 motion so that he will have the opportunity to pursue a direct appeal of his criminal conviction.

## IV.

Where the court grants a petitioner's § 2255 motion based upon a counsel's failure to file a direct appeal, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. United States v. Killian, 22 F. App'x. 300 (4th Cir. 2001). Accordingly, I recommend that court dismiss without prejudice Perry's remaining claim that counsel provided ineffective assistance in failing to "argue for acceptance of responsibility."

## V.

Based on the foregoing, I find that Perry demonstrated that counsel provided ineffective assistance and, therefore, **RECOMMEND** that the government's motion to dismiss (ECF No. 121) be **denied**, Perry's § 2255 motion (ECF No. 108) be **granted in part and dismissed without prejudice in part**, Perry's criminal judgment order (ECF No. 99) be **vacated**; a new criminal judgment order be **prepared**, in every respect the same as the previous order except as to date of entry, and **entered**; upon entry of the new judgment order, the Clerk of the Court should **enter** a notice of appeal on behalf of Perry; and this § 2255 action should be **stricken** from the active docket of the court.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send copies of this Report and Recommendation to the parties.

**ENTER:** This __6th__ day of January, 2014.

s/ Robert S. Ballou
Robert S. Ballou
United States Magistrate Judge

5